Steven J. McCardell (2144)
smccardell@djplaw.com
David W. Tufts (8736)
dtufts@djplaw.com
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500

*Counsel for ZAGG Inc*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>LORENCE A. HARMER,<br><br>    Debtor.<br><br><u>Address</u>:  6121 Verness Cove, Holladay, UT 84121<br><u>Last four digits of SSN</u>:  5730 | Bankruptcy Case No. 17-20057<br><br>Chapter 7<br><br>Honorable R. Kimball Mosier |

## MOTION OF ZAGG INC FOR RELIEF FROM
## AUTOMATIC STAY

ZAGG Inc ("<u>ZAGG</u>"), a creditor in this case, moves the Court pursuant to sections 362(d)(1) and (2) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>"), and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for an order granting relief from the automatic stay to permit ZAGG to recover possession of property unlawfully detained by Lorence A. Harmer ("<u>Harmer</u>" or the "<u>Debtor</u>"), to exercise its legal rights as to property the Debtor unlawfully occupies, and to

complete any remaining proceedings in the Third District Court in an unlawful detainer proceeding with respect to Harmer and others.[1]

## RELIEF SOUGHT AND GROUNDS FOR RELIEF

ZAGG obtained a judgment and judgment lien against the Debtor's residence in Salt Lake County and scheduled a sheriff's sale for September 12, 2016. One day before the sale, the Debtor and his wife conveyed, under a deed in lieu of foreclosure agreement and in an attempt to avoid the sale, all interests in the property to DCN Properties, LLC, an entity controlled by the Debtor's father-in-law. The sheriff sold the property to ZAGG, whose $1 million credit bid was the highest bid. The sale foreclosed DCN's rights, save only DCN's right of redemption, and terminated any occupancy rights of the Debtor and his wife. ZAGG served a notice to quit but the Debtor failed to vacate, requiring ZAGG to file a motion for restitution. The Third District Court adjudicated ZAGG's right to restitution of the property by orders entered December 27, 2016 requiring the Debtor to vacate by January 6, two days after the petition date in this case. The Third District Court found that the Harmers retained no interest or rights in the property and the Harmers denied any equity. The Debtor is a squatter on ZAGG's property, lacking any lawful right of occupancy. Continuance of the stay would serve only to enable the Debtor to flout the Third District Court's orders and continue his unlawful detainer of ZAGG's property. The Court should terminate the stay to permit ZAGG to recover possession of the property, to exercise its legal rights as to the property, and to complete proceedings in the Third District Court. ZAGG seeks an order modifying and terminating the stay with immediate effect, pursuant to an "order otherwise" under Rule 4001(a)(3) of the Bankruptcy Rules.

---

[1] Paragraph 17 below details the relief ZAGG requests as to the proceeding in the State Court.

2

## PARTIES

1. <u>ZAGG</u>.  ZAGG is Harmer's judgment creditor, holding a multi-million dollar unsatisfied judgment of the Third District Court in and for Salt Lake County, State of Utah (the "<u>State Court</u>").

2. <u>Lorence A. Harmer</u>.  Harmer is the debtor in this voluntary Chapter 7 case. Harmer's wife Elizabeth has not filed a petition for bankruptcy relief.

3. <u>DCN Properties, LLC</u>.  DCN Properties, LLC ("<u>DCN</u>"), is a company controlled by Harmer's father-in-law Clair Nixon.  It is not a debtor in bankruptcy.  Its rights are limited to a right of redemption in the property ZAGG purchased at the sheriff's sale.

## FACTS

4. <u>Initial Judgment</u>.  On May 21, 2015, in Case No. 110917687, the State Court entered a final judgment for ZAGG and against Harmer and two entities in which Harmer had interests (Harmer Holdings, LLC and Teleportall, LLC) in the initial amount of $4,734,714.00 (including $657,464 of accrued interest accrued to December 31, 2014) (the "<u>Initial Judgment</u>"). The Initial Judgment was based on Harmer's failure to make payments under a $4,125,902 Secured Promissory Note Harmer and his entities gave to ZAGG under a Settlement Agreement settling claims relating to ZAGG's payments of $4,125,902 to entities affiliated with Harmer while he was a ZAGG director and for which ZAGG did not receive fair value.

5. <u>Supplemental Judgment</u>.  On November 20, 2015, also in Case No. 110917687, the State Court issued a Supplemental Final Judgment against Harmer and his entities in the total amount of $6,131,693.33, with 12% annual interest plus after-accruing fees and costs (the

3

"Supplemental Judgment"). The Supplemental Judgment included an award of attorney's fees and costs of $1,396,979.33. *See* Exhibit 1 and Exhibit 2 (Initial and Supplemental Judgments).

      6.      Judgment Lien. ZAGG recorded the Initial Judgment on May 26, 2015 and the Supplemental Judgment on December 22, 2015, each with the Salt Lake County Recorder. ZAGG thereby obtained a lien on residential property Harmer formerly owned, and in which Harmer and his wife reside, at 6121 Verness Cove, Holladay, UT 84121 (the "Residence"). *See* Utah Code § 78B-5-202(7)(a) (recorded judgment "becomes a lien upon real property").

      7.      Sheriff's Sale. ZAGG became the owner of the Residence by credit bid at a sheriff's sale conducted on September 13, 2016, pursuant to the State Court's writ of execution, where ZAGG's $1 million credit bid was the highest bid. *See* Utah R. Civ. P. 69B(i) and (j) (sheriff authorized to deliver the real property to the highest bid). On or about September 14, 2016, the Sheriff delivered to ZAGG a Certificate of Sale stating, among other things, that the Sheriff had sold the Residence, under court-issued execution, at public auction according to law, to ZAGG for $1 million which was the highest bid. The sheriff recorded the certificate on October 19, 2016.

      8.      Notice to Quit and Unlawful Detainer. On September 15, 2016, ZAGG served Harmer and his wife with a 5-day notice to quit (the "Notice to Quit") which notified them that ZAGG is the owner of the Residence and required them to vacate the Residence no later than September 22, 2016. After September 22, 2016, Harmer and his wife were therefore in unlawful detainer of the Residence. *See* Utah Code § 78B-6-802.5 (previous owner of a property is guilty of unlawful detainer if he defaulted on his obligations resulting in disposition of the property and continues to occupy the property after the sheriff's sale after service of a notice to quit).

4

9. <u>Motion for Restitution</u>. Harmer and his wife failed to comply with the Notice to Quit, requiring ZAGG to file a Complaint for Unlawful Detainer and Motion for Issuance of an Order of Restitution pursuant to Utah Code §§ 78B-6-802.5, 78B-6-808, 78B-6-810, 78B-6-811 and 78B-6-812 (the "<u>Motion for Restitution</u>"). This new State Court proceeding was designated as Case No. 160906003 in the State Court (the "<u>Unlawful Detainer Proceeding</u>"). Copies of papers submitted to the State Court in the Unlawful Detainer Proceeding in connection with the Motion for Restitution are submitted as <u>Exhibit 3</u> (ZAGG's Motion), <u>Exhibit 4</u> (Harmer's Opposition), <u>Exhibit 5</u> (Mrs. Harmer's Opposition), <u>Exhibit 6</u> (DCN's Opposition),[2] and <u>Exhibit 7</u> (ZAGG's Reply).

10. <u>Motion for Restitution Granted</u>. The Honorable Matthew Bates of State Court heard ZAGG's Motion for Restitution on December 19, 2016, fully considered the arguments and briefs of all parties, determined that ZAGG was entitled to an order of restitution, and ordered Harmer to vacate the Residence by January 6, 2017. A transcript of the Court's December 19 ruling is submitted as <u>Exhibit 8</u>. Although the statute allows for 3 days, ZAGG offered to allow Harmer to remain in the Residence through January 6, 2017.

11. <u>State Court Orders</u>. On December 27, 2016, the State Court issued two orders in the Unlawful Detainer Proceeding: (a) an Order of Restitution and Writ of Restitution (the "<u>Order of Restitution and Writ</u>") directing Harmer and his wife, by the end of the day on Friday January 6, 2017, to vacate the Residence, remove their personal property, and restore possession of the Residence to ZAGG or be forcibly removed by a sheriff or constable (and further commanding the sheriff or constable of Salt Lake County, if the Harmers fail to comply with the

---

[2] DCN intervened in the Unlawful Detainer Proceeding.

Order of Restitution, to enter the Residence by force to remove the Harmers and their personal property and to restore possession of the Residence to ZAGG) and (b) an Order Granting Plaintiff's Motion for Issuance of an Order of Restitution granting ZAGG's Motion for Restitution and requiring the Harmers to vacate the Residence by the end of the day on January 6, 2017 (the "Order Granting Restitution").  See Exhibit 9 and Exhibit 10 (copies of the orders).

   12. State Court Rulings.  Judge Bates found that on September 12, 2015, the day before the Sheriff's Sale, Harmer and his wife entered into a Deed in Lieu of Foreclosure Agreement ("the Deed in Lieu Agreement") with Clair Nixon (Elizabeth's father and the Debtor's father-in-law) and John-Paul Harmer (Harmer's brother).  *See* Transcript of December 19, 2016 Hearing, at 4:20-23, copy included as Exhibit 8.  Pursuant to the Deed in Lieu Agreement, Harmer and Elizabeth executed and delivered deeds in lieu of foreclosure (Harmer by Warranty Deed and Elizabeth by Quit Claim Deed[3]) to DCN, a company controlled by Clair Nixon, thereby divesting the Harmers of any interest in the Residence.  Judge Bates also found, consistent with *Kitches & Zorn, LLC v. Yong Woo Kim*, 2005 UT App 164, that the transfer of the Residence to DCN did not invalidate ZAGG's judgment lien or its sheriff's sale and that DCN's only remaining interest was a right of redemption pursuant to Utah Rule of Civil Procedure 69C. *See* Exhibit 8, Transcript of December 19, 2016 Hearing, 10:1-15.   Judge Bates found that the Deed in Lieu Agreement satisfied all claims of Clair Nixon and John-Paul Harmer, thereby rendering Clair Nixon's lien against the Residence a nullity.  *See* Exhibit 8, Transcript of December 19, 2016 Hearing, 4:20-25 to 5:1-2, 5:18-25 to 7:1-22.  That ruling was made pursuant to *Stenquist v. JMG Holdings, LLC*, 2016 UT App 180 (regardless of intent, deed of

---

[3] Harmer held 100% of the title to the Residence.

trust extinguished as a matter of law when obligations securing the deed were satisfied pursuant to deed in lieu of foreclosure). Judge Bates ordered the Harmers to vacate the Residence notwithstanding their claim that, after entering into the Deed in Lieu Agreement, DCN leased the Residence to the Harmers. Pursuant to Utah Code § 78B-6-802.5, ZAGG (as purchaser at the sheriff's sale which resulted in disposition of the Residence as of the date the certificate of sale was recorded on October 19, 2016) was entitled to possession of the Residence and the Harmers were in unlawful detainer of the Residence. *See* Exhibit 8, Transcript of December 19, 2016 Hearing, 8:9-26 to 9:1-25; 10:1-15 (as to Harmer); 11:1-14 (as to Harmer's wife). Accordingly, the State Court has adjudicated ZAGG's right to possession of the Residence, subject only to a right of redemption held by DCN, not Harmer.

13. Harmer's Ongoing Unlawful Detainer. Harmer is in unlawful detainer of the Residence because he "continues to occupy the property after the . . . sheriff's sale after being served with a notice to quit." Utah Code § 78B-6-802.5.[4] Harmer has been in unlawful detainer of the Residence since the date designated in ZAGG's initial notice to quit, September 22, 2016, and remains in unlawful detainer of the Residence as a squatter, without any legal right of occupancy or possession. On January 9, 2017, in enforcement of the State Court's orders, a constable escorted Harmer's wife from the Residence but Harmer immediately allowed her to return as a guest. The automatic stay therefore enables Harmer to block enforcement of the State Court's orders.

---

[4] Harmer's wife is also in unlawful detainer of the Residence. She had no recorded ownership interest in the Residence, and any unrecorded interest did not survive ZAGG's sheriff's sale. *See* Utah Code § 57-1-103 (recorded documents have priority over unrecorded interests). *See* Exhibit 8, Transcript of December 19, 2016 Hearing, 11:1-14.

7

14. <u>State Court Orders Effective</u>. No order staying or modifying the Order of Restitution and Writ or the Order Granting Restitution has been entered.[5]

15. <u>Harmer's Chapter 7 Petition</u>. On January 4, 2017, two days before the State Court's order required the Harmers to vacate the Residence on January 6, 2017, Harmer filed his voluntary Chapter 7 petition, in an apparent attempt to block or delay ZAGG's lawful eviction process. Harmer filed only a petition, without a Statement of Financial Affairs and Schedules, Declaration/Schedules Signatures, Attorney Compensation Disclosure Statement, or Chapter 7 Statement of Current Monthly Income, as the Clerk noted in a January 7 Deficiency Notice.

16. <u>No Claim of Lease</u>. The Debtor claims no lease interest in the Residence. In his bankruptcy petition, at Question 11, the Debtor answered "No" to the question "Do you rent your residence?" ECF No. 1, p. 3 of 8.

17. <u>Relief Sought</u>. ZAGG therefore seeks an order terminating the automatic stay, permitting ZAGG to continue the legal process of evicting Harmer from the Residence, exercising its rights as to the Residence, and completing the litigation in the State Court in the Unlawful Detainer Proceeding involving the Harmers and DCN. Specifically, ZAGG seeks relief from the automatic stay (a) to remove Harmer and his invitees from the Residence and exercise its rights as to the Residence; and (b) to complete the Unlawful Detainer Proceeding (i) to seek entry of a judgment for damages and attorney's fees; (ii) to dispose of Harmer's pending motion to have ZAGG's judgment declared satisfied, which ZAGG has opposed; and (iii) to

---

[5] DCN (but not Harmer) filed with the Utah Supreme Court a petition for permission to file an interlocutory appeal from the State Court's Order Granting Restitution and for a stay pending appeal, but proceedings in continuance of the appeal have been stayed, given that the proceeding in State Court as initially filed was against the Debtor. *See TW Telecom Holdings v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).

8

determine any additional proceedings in the Unlawful Detainer Proceeding or any appeals thereof.  In addition, to any extent the automatic stay bars continuation of the Unlawful Detainer Proceeding against DCN or Harmer's wife, ZAGG seeks relief to continue the Unlawful Detainer Proceeding, including any appeals, as to them.  ZAGG does not seek relief in this Motion either (A) to enforce against Harmer or Harmer's property either its judgment or any additional damages awarded in the Unlawful Detainer Proceeding (other than to remove Harmer and his invitees from the Residence), all such relief being the exclusive province of this Court, or (B) to continue other pre-bankruptcy litigation between Harmer and ZAGG.

## MEMORANDUM OF LAW

### Cause for Relief from the Stay

Under 11 U.S.C. § 362(d), cause exists for the Court to terminate the stay to permit ZAGG to complete eviction proceedings, exercise rights as to the Residence, and complete the Unlawful Detainer Proceeding as specified in Paragraph 17 of this Motion.

18.    Relief Pursuant to Section 362(d)(2).  Harmer does not own the Residence, which is not property of the estate.  Harmer has no equity within the meaning of Section 362(d)(2)(A).  While in a normal case the debtor's equity would be measured by the value of the Residence minus liens, the Debtor does not own the Residence and therefore could not have any equity.  Further, the Debtor admitted in the State Court that, even though the Debtor has no interest in the Residence, there is no equity in any event. [6]  The sheriff's sale foreclosed any lease rights

---

[6] In his opposition to ZAGG's Motion for Restitution, Harmer admitted that "there is no equity in the subject home and real property" (valuing the Residence at $1.75 million and liens other than ZAGG's totaling approximately $3.1 million) and that "when Plaintiff [ZAGG] conducted its Sheriff's Sale, Mr. Harmer had no interest in the home and real property located at 6121 South Verness Cove, Holladay, Utah 84121." *See* Exhibit 4, Lorence Harmer Opposition to Plaintiff's

9

Harmer might have claimed under a lease with DCN and, at the same time, foreclosed DCN's interests other than a right of redemption. This is a Chapter 7 case, and, therefore, the Residence is not necessary to an effective reorganization pursuant to Section 362(d)(2)(B). Accordingly, relief from the stay under Section 362(d)(2) is required: ("[T]he court shall grant relief from the stay . . . (2) with respect to the stay of an act against property under subsection (a) of this section, if (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization.").

19.     Relief Pursuant to Section 362(d)(1).    Further, pursuant to Section 362(d)(1), good cause exists to terminate the stay. Harmer's continued unlawful possession and occupancy of the Residence blocks ZAGG's lawful possession and use of the Residence. Bankruptcy should not be a refuge for lawbreakers. Nor should it be used as a legal strategy to avoid state court litigation losses. Harmer's unlawful detainer of ZAGG's property is an ongoing violation of Utah law. Harmer's failure to pay rent, taxes or prior liens continues to harm ZAGG's interest. Further, Harmer's unlawful possession enables Harmer and those Harmer allows to occupy the Residence to commit waste. But for the automatic stay, Harmer would have been evicted. Harmer should not be allowed to continue his unlawful detainer of the Residence.

20.     Bankruptcy case law supports granting ZAGG relief from the automatic stay. Although the automatic stay applies to any act to obtain possession of property "from the estate" (Section 362(a)(3)), where the debtor's possession of property is unlawful bankruptcy courts have been quick to grant relief from the stay. *In re Blaylock*, 301 B.R. 443 (Bankr. E.D. Pa.

---

Motion for Issuance of Order of Restitution," p. 15.  Mrs. Harmer also admitted that "it is beyond dispute that no equity exi[s]ts in the Property."  *See* Exhibit 5, Elizabeth Harmer "Objection to Motion for Issuance of Order of Restitution," dated November 29, 2016, p. 2.

2003) (stay annulled *nunc pro tunc* where Chapter 7 filing was motivated by imminent eviction; "a Chapter 7 case offers no right to a debtor to remain in property for which she has neither a legal nor equitable interest. The filing was for the sole purpose of obstructing [the Philadelphia Housing Authority] and it will not be sanctioned by further obstruction [by enforcing the stay]."); *In re Dennen*, 539 B.R. 182 (Bankr. D. Colo. 2015). Here, the Debtor has remained in unlawful detainer of the Residence for nearly four months, since September 22, 2016, and filed this case two days before his court-ordered eviction date. The Debtor should not be allowed to use bankruptcy as a legal strategy to avoid his losses in the State Court, especially where the Debtor's actions hinder and delay ZAGG from exercising its rights and expose ZAGG to loss.

21. Relief from stay to permit ZAGG to complete the Unlawful Detainer Proceeding is also appropriate under the relevant *Curtis* factors.[7] In *In re Dennen*, 539 B.R. 182 (Bankr. D. Colo. 2015), Judge Tallman granted stay relief under similar circumstances. Here, as in *Dennen*, the stay should be terminated to permit ZAGG, as property owner, to return to the State Court to complete the Unlawful Detainer Proceeding. As to Factor 1 (relief resulting in partial or complete resolution of issues), relief from stay will allow both the Debtor and ZAGG to completely resolve issues between them in the Unlawful Detainer Proceeding. As to Factor 2 (lack of connection or interference with the bankruptcy case) and Factor 7 (whether litigation would prejudice creditors), the Debtor lacks occupancy rights or any other interest in the Residence, the State Court has issued restitution orders, and final resolution of those issues will have no impact on the bankruptcy case and will not prejudice creditors. As to Factor 4

---

[7] *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). *Curtis* Factors 3 (debtor as fiduciary), 5 (insurer assumption of defense), 8 (judgment subject to equitable subordination), and 9 (judgment would result in lien avoidable under Section 522(f)) do not apply in this case.

11

(specialized tribunal), the State Court has statutory responsibility for unlawful detainer proceedings and the dispute is a quintessential adjudication of state law property rights with no effect on the bankruptcy estate. As to Factor 6 (action essentially involves third parties, with debtor as bailee), DCN, not Harmer, holds the redemption right as to the Residence. Here, the Debtor occupies the property without a legal right to do so. As to Factor 10 (judicial economy, expeditious and economical determination), granting relief will serve the interests of judicial economy and expeditious and economical determination of litigation. Involvement of the Bankruptcy Court would unnecessarily multiply proceedings. As to Factor 11 (progress in the non-bankruptcy proceeding) the State Court has adjudicated ZAGG's and Harmer's rights in the Residence and a request for an appeal is pending. As to Factor 12 (stay's impact and balance of hurt), the stay blocks ZAGG's lawful enforcement of rights against non-estate property and exposes ZAGG to loss of rental value, loss of equity through Debtor's failure to pay taxes and interest on liens, and potential waste. The "balance of hurt" favors ZAGG because the Debtor is not legally entitled to continue in possession and filed this case to hinder and delay ZAGG. Whatever harm the Debtor might suffer from being removed from a property he has no legal right to occupy is not legally cognizable.

22. Courts have determined that where (as a result of a state court adjudication of unlawful detainer proceedings) the debtor had no legal or equitable interest remaining in real property at the time of his eviction, the automatic stay does not apply. *See In re Perl*, 811 F.3d 1120 (9th Cir. 2016) (debtor claimed that mere possession, coupled with the possibility of some relief in pending unlawful detainer litigation, gave his bankruptcy estate a protected interest subject to the automatic stay; potential litigation interests were insufficient to create property of

the estate; debtor's actual possession of the property on the date of bankruptcy had no bearing on whether he had a cognizable possessory interest in the property; court took a dim view of debtor's filing of skeletal Chapter 13 bankruptcy petition without schedules, statements or plan and attempt use the bankruptcy court instead of complying with state court requirements to stay unlawful detainer proceedings); *cf. In re Castle Service, LLC*, 560 B.R. 587 (Bankr. D. Utah 2016) (dicta) ("if a party possesses real property without the consent of the titled owner or without some other legally cognizable claim, it is likely the automatic stay would not apply". . . . [And as to whether possession alone creates a property interest cognizable under Section 541] "a possessory interest refers to cases in which the debtor has some right to possess the property, for example, by virtue of the title holder's consent or permission."). The automatic stay in Harmer's case clearly does not apply to DCN or Mrs. Harmer. Harmer's claim to protection of the stay is minimal at best. His lack of any interest in the Residence and occupancy in open violation of court orders is a strong reason to terminate any applicable stay as to Harmer.

23.    ZAGG's legal rights to possess the Residence have been adjudicated[8] and are being unlawfully hindered and delayed. Expedited relief is an important factor in eviction cases. Utah eviction statutes recognize the importance of the right of a foreclosing judgment creditor to obtain an order of eviction on an expedited basis. *See* Utah Code §§ 78B-6-802.5 (unlawful detainer after foreclosure or forced sale), 78B-6-808, 78B-6-810 (expedited procedures), 78B-6-811 (judgment for restitution), and 78B-6-812 (order of restitution).

---

[8] Under the *Rooker-Feldman* doctrine, this Court should not review or revisit the State Court's Order of Restitution and Writ or Order Granting Restitution. *See In re Caisson Labs., Inc.,* 2015 WL 1239216 (Bankr. D. Utah 2015).

13

24.     Likewise, policies enforced in stay exceptions for lessors whose property is occupied by an evicted tenant reflect Congress' determination that the Bankruptcy Code should not be used by debtors in unlawful possession of property as a means to delay a lessor's recovery of leased property.  *See* 11 U.S.C. § 362(b)(22) (stay not applicable to continuation of eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant and with respect to which the lessor has obtained a pre-bankruptcy judgment for possession); 11 U.S.C. § 362(b)(10) (stay not applicable to acts by a lessor to obtain possession of residential property the debtor occupies under a terminated lease).  Although Harmer has no lease from ZAGG, these same policies apply.  The Bankruptcy Code should not enable Harmer's ongoing unlawful detainer of ZAGG's property.

25.     Finally, Harmer's having filed a skeletal bankruptcy petition[9] two days before his eviction date and Harmer's use of this bankruptcy case instead of seeking available state court remedies to stay eviction[10] strongly support a finding that Harmer filed bankruptcy to avoid state unlawful detainer procedures and hinder and delay ZAGG.  *Cf. In re Perl* at 1123 ("Rather than complying with the state court requirements to stay the unlawful detainer proceedings, Perl filed a 'skeletal' chapter 13 bankruptcy petition pro se.  He failed to file any schedules, financial affairs statement, or proposed plan of reorganization.").

26.     <u>Request for Waiver of 14-Day Period</u>.  Pursuant to Rule 4001(a)(3) of the Bankruptcy Rules, ZAGG requests that the Court order stay relief effective immediately, rather

---

[9] Harmer failed to file a Statement of Financial Affairs and Schedules, Declaration/Schedules Signatures, Attorney Compensation Disclosure Statement, and a Chapter 7 Statement of Current Monthly Income.

[10] *See*, *e.g.*, Utah R. Civ. Pro. 62 (stay of proceedings to enforce judgment).

14

than after 14 days. The following circumstances support immediate relief: (a) the Debtor's lack of interest in the Residence; (b) the Debtor's extended unlawful detainer of ZAGG's property and the importance of preventing the Debtor from using the automatic stay to cover his ongoing violation of law; (c) ongoing and immediate harm to ZAGG due to its inability to recover the Residence and put it to use and due to the Debtor's failure to pay rent, taxes, or prior liens; (d) the lack of any benefit to creditors or the estate in continuing the stay; (e) the Debtor's use of this case as a strategy to avoid losses in state court litigation in a manner that hinders and delays ZAGG's exercise of lawful rights; and (f) the importance of policies underlying both state law and bankruptcy law favoring expedited relief in unlawful detainer cases.

## CONCLUSION

For these reasons, ZAGG respectfully requests that the Court grant immediate relief from the stay to allow ZAGG to recover possession of the Residence, to exercise its legal rights as to the Residence, to complete any remaining proceedings in the Unlawful Detainer Proceeding with respect to Harmer and as set forth above in Paragraph 17, and for such other and further relief as the Court deems just and equitable.

DATED this 12th day of January 2017.

                **DURHAM JONES & PINEGAR, P.C.**

                By: /s/ Steven J. McCardell
                    Steven J. McCardell
                    David W. Tufts
                    *Counsel for ZAGG Inc*

**CERTIFICATE OF SERVICE- BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

      I hereby certify that on January 12, 2017, I electronically filed the foregoing MOTION OF ZAGG INC FOR RELIEF FROM AUTOMATIC STAY with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- Armand J. Howell    armand@hwmlawfirm.com, meghan@hwmlawfirm.com; armandh@ecf.courtdrive.com
- Mary M. Hunt tr    hunttrustee@dorsey.com, hunt.peggy@dorsey.com;UT18@ecfcbis.com
- Theodore Floyd Stokes    ted@stokeslawpllc.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**CERTIFICATE OF SERVICE- MAIL, OTHER**

      I hereby certify that on January 12, 2017, I caused to be served a true and correct copy of the foregoing NOTICE OF HEARING ON MOTION OF ZAGG INC FOR RELIEF FROM AUTOMATIC STAY as follows:

**Mail Service - By regular first class United States mail, postage fully pre-paid, addressed to:**

Elizabeth Harmer
6121 Verness Cove
Holladay, UT 84121

David G. Turcotte
8178 Gorgoza Pines Road
P O Box 982584
Park City, UT 84098

Brennan H. Moss
Benjamin M. Nelson
Pia Anderson Moss Hoyt
136 East South Temple, Suite 1900
Salt Lake City, UT 84111

**Mail Service to Entire Matrix - By regular first class United States mail, postage fully pre-paid, addressed to all parties who did not receive electronic service as set forth herein listed on the Official Court Mailing Matrix dated January 12, 2017 attached hereto.**

**Other - Email:**

- Shawn Robinson     srobinsonlaw@hotmail.com
- David Turcotte     dgtlegal@gmail.com
- Brennan Moss     bmoss@pamhlaw.com
- Benjamin Nelson     bnelson@pamhlaw.com

                                                    /s/  Kristin Hughes

SLC_3081193.7

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1088-2<br>Case 17-20057<br>District of Utah<br>Salt Lake City<br>Thu Jan 12 14:37:19 MST 2017 | AMERICAN EXPRESS<br>PO Box 981537<br>El Paso, TX 79998-1537 | BAC HOME LOANS SERV LP<br>4909 SAVARESE CIRCLE<br>FL1-908-01-47<br>Tampa, FL 33634-2413 |
| Bryan Pyfer<br>1905 Gaithers Pointe Drive<br>Durham, NC 27713 | Clair Nixon<br>111 Lee Ave<br>College Station, TX 77840-3125 | Cook, Skeen & Robinson<br>c/o Shawn Robinson<br>5788 S 900 E<br>Salt Lake City, UT 84121-1036 |
| Cora-Beth Harmer<br>2014 Lindentree Dr<br>Weatherford, TX 76086-6147 | DCN Properties LLC<br>136 E. SOUTH TEMPLE, SUITE 1900<br>Salt Lake City, UT 84111-1135 | David J. Findlay<br>7119 Legacy Parkway<br>Cheyenne, WY 82009-8387 |
| David Nixon<br>13294 Ashwood Glen Way<br>Draper, UT 84020-7132 | EXPRESS RECOVERY INC<br>PO BOX 26415<br>Salt Lake City, UT 84126-0415 | Lorence A Harmer<br>6121 Verness Cove<br>Holladay, UT 84121-5025 |
| Armand J. Howell<br>Halliday, Watkins & Mann, P.C.<br>376 East 400 South, Suite 300<br>Salt Lake City, UT 84111-2906 | Mary M. Hunt tr<br>Dorsey & Whitney<br>136 S. Main Street<br>Suite 1000<br>Salt Lake City, UT 84101-1685 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| John Nixon<br>4615 Marloma Drive<br>Palos Verdes Peninsula, CA 90274 | Jon-Paul Harmer<br>109 Shadwood Court<br>Weatherford, TX 76087-2808 | Kelly, Wolter and Scott<br>c/o Douglas Kelly<br>Centre Village Offices, Suite 2530<br>Minneapolis, MN 55415 |
| Lapp, Libra, Thomson, Stoebner & Pusch<br>c/o John R Stoebner<br>120 South 6th Street, Suite 2500<br>Minneapolis, MN 55402-5155 | Marcus Mumford<br>405 S. Main Street, Suite 975<br>Salt Lake City, UT 84111-3423 | Michael Nixon<br>405 E Foothill<br>Provo, UT 84604 |
| Mumford PC<br>c/o Marcus Mumford<br>405 S. Main Street, Suite 975<br>Salt Lake City, UT 84111-3423 | Rachel Nixon Bills<br>1463 March Banks Drive #2<br>Walnut Creek, CA 94598-2032 | Theodore Floyd Stokes<br>Stokes Law PLLC<br>2072 North Main Suite 102<br>North Logan, UT 84341-1702 |
| United States Trustee<br>Ken Garff Bldg.<br>405 South Main Street<br>Suite 300<br>Salt Lake City, UT 84111-3402 | Utah State Tax Commission<br>210 N 1950 W<br>Salt Lake City, UT 84134-9000 | WELLS FARGO CARD SERVICE<br>CREDIT BUREAU DISPUTE RES<br>Des Moines, IA 50306 |
| Zagg Inc.<br>3855 S 500 W STE J<br>Salt Lake City, UT 84115-4252 | Zagg Inc.<br>c/o David Tufts<br>111 East Broadway, Suite 900<br>Salt Lake City, UT 84111-5235 | Zagg Inc.<br>c/o Durham Jones & Pinegar P.C.<br>111 E Broadway Ste 900<br>Salt Lake City, UT 84111-5235 |