# EXHIBIT 1

The Order of Court is stated below:
**Dated:** May 21, 2015          /s/  KARA PETTIT
12:32:22 PM                         District Court Judge

I CERTIFY THAT THIS IS A TRUE COPY OF AN
ORIGINAL DOCUMENT ON FILE IN THE THIRD
DISTRICT COURT, SALT LAKE COUNTY,
STATE OF UTAH

DATE: _____

DEPUTY _____ CLERK

David W. Tufts (8736)
Peter H. Donaldson (9624)
Ian S. Davis (11190)
**Durham Jones & Pinegar, P.C.**
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT  84110-4050
Telephone:  (801) 415-3000
Facsimile:  (801) 415-3500

*Attorneys for ZAGG Inc*

## IN THE THIRD JUDICIAL DISTRICT COURT

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| LORENCE A. HARMER, an individual, HARMER HOLDINGS, LLC, a Utah limited liability company, and TELEPORTALL, LLC, a Utah limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> ZAGG, INC, a Nevada corporation, ROBERT G. PEDERSEN II, an individual, BRANDON T. O'BRIEN, an individual, and JOHN DOES 1-20, <br><br> Defendants. | **FINAL JUDGMENT** <br><br> Civil No. 110917687 <br><br> Judge Kara Pettit |
| AND RELATED COUNTERCLAIMS. | |

Lorence A. Harmer ("Harmer"), Harmer Holdings, LLC ("Holdings"), and

Teleportall, LLC ("Teleportall" and collectively with Harmer and Holdings, the

"Plaintiffs") filed its Complaint in this action on September 20, 2011.

The Complaint asserts claims for relief against ZAGG Inc ("ZAGG"), Robert G. Pedersen II, Brandon T. O'Brien, and KPMG LLC (collectively, the "Defendants") for Defamation and Defamation Per Se (Claim 1), Negligence (Claim 2), Breach of Contract (Claim 3), Breach of Good Faith and Fair Dealing (Claim 4), Tortious Interference with Contract (Claim 5), Interference with Prospective Economic Relations (Claim 6), and Declaratory Judgment (Claim 7). The Court previously dismissed with prejudice all claims against KPMG, LLC on June 11, 2013 and all claims against Robert G. Pederson, II and Brandon T. O'Brien on July 30, 2013. The Court also previously granted partial summary judgment for ZAGG on July 30, 2013, dismissing with prejudice all of the tort-based claims in the Complaint (Claims 1, 2, 5 and 6). On April 17, 2015, the Court granted summary judgment in favor of ZAGG on all of the remaining claims against ZAGG (Claims 3, 4 and 7). As such, all of the claims brought by the Plaintiffs in their Complaint have now been disposed of in favor of the Defendants and dismissed with prejudice.

ZAGG filed its Counterclaim and Third Party Complaint of ZAGG Inc against Harmer, Holdings, Teleportall, and Global Industrial Services Limited ("Global"), asserting claims for Breach of Contract (Claim 1), Deficiency (Claim 2), Indemnity and Attorneys' Fees (Claim 3), Breach of Implied Covenant of Good Faith and Fair Dealing (Claim 4), Alternative Quasi Contract, Unjust Enrichment, and/or Quantum Meruit (Claim 5), and Declaratory Judgment (Claim 6). The Court previously entered a Default Judgment against Global on November 14, 2013. On April 17, 2015, the Court granted summary judgment in favor of ZAGG on all of ZAGG's counterclaims against Harmer,

Holdings, and Teleportall, including its request on summary judgment for specified damages as reflected below.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that JUDGMENT IS HEREBY ENTERED as follows:

1.    The Plaintiffs shall take nothing and each and every one of the claims for relief asserted by the Plaintiffs in the Complaint is dismissed with prejudice against each of the Defendants.

2.    ZAGG is awarded judgment against Harmer, Holdings, and Teleportall in the amount set forth below:

| | |
|---|---|
| $4,077,250.00 | Principal |
| $   657,464.00 | Accrued interest to December 31, 2014 |
| $4,734,714.00 | TOTAL JUDGMENT |

with interest on the total judgment at 12% per annum as provided in the Secured Promissory Note (the "Note") made and given by Harmer, Holdings, and Teleportall to ZAGG from January 1, 2015 until paid in full, plus after-accruing costs.

3.    ZAGG is awarded judgment against Harmer, Holdings, and Teleportall in the amount of the reasonable legal fees and costs incurred by ZAGG incurred in this action, which amount shall be affixed by the Court hereafter to augment this Final Judgment.  ZAGG is instructed to submit a declaration of fees and costs within 30 days from the entry of this Final Judgment.

4.    This Final Judgment shall be augmented in the amount of reasonable costs and attorney's fees expended in collecting said judgment by execution or otherwise as shall be established by affidavit.

May 21, 2015 12:32 PM

5.     The preliminary injunction entered by this Court by its Order on Plaintiffs' Motion for Preliminary Injunction dated April 24, 2012, is hereby terminated and is of no further force and effect.  ZAGG may proceed and continue with its non-judicial foreclosure of the real property located at approximately 503 North Trappers Loop Road, Heber City, Utah 84032.

6.     The Injunction Bond, United States Fire Insurance Company bond number 615980404, posted and submitted by Plaintiffs to the Court on April 10, 2012 in the amount of $100,000.00 (the "Bond") shall be forfeited by Plaintiffs.  The Court hereby orders the bonding company, United States Fire Insurance Company, to pay the full amount of the Bond to ZAGG to be applied to this Final Judgment.

7.     Pursuant to Utah Code Ann. §§ 78B-6-401 & 408, a declaratory judgment is entered as follows:

(i)     the Commission Agreement entered into between ZAGG and Teleportall terminated automatically on March 23, 2011, when Harmer, Holdings, and Teleportall made material misrepresentations about the status of the collateral pledged to ZAGG as collateral for the Note;

(ii)     the Commission Agreement terminated automatically when Harmer, Holdings, and Teleportall failed to make the payment due under the Note;

(iii)     ZAGG has not breached and could not have breached any provision of the Commission Agreement because the Commission Agreement terminated before any obligation of ZAGG arose thereunder; and

(iv)     ZAGG has no obligation to Teleportall, Harmer, or Holdings under

the terms of the Commission Agreement.

8.      All claims in the Complaint against all defendants and all counterclaims against all counterclaim defendants have been resolved.  The issues raised by third-party Empire Stock Transfer, Inc. ("Empire") in its interpleader involve the treatment and handling of stock certificates and should be addressed independently.  Based on the undisputed facts presented with ZAGG's summary judgment motions that have been granted, the Court concludes there is no just reason for delay and that judgment should enter on all claims and counterclaims in this case.  This Final Judgment therefore constitutes and is hereby certified as a final judgment pursuant to Rule 54(b) of the Utah Rules of Civil Procedure.

9.      The Court orders the Clerk to hold safe and maintain possession of the stock certificates representing the 80,114 shares of ZAGG stock received pursuant to the Court's Order Regarding Interpleader to Deliver Possession of Stock Certificate into Possession and Control of Clerk of Court, dated January 20, 2014, and to not release them until further order of this Court.

-------------------------END OF ORDER-------------------------

*** Entered by the Court on the date indicated by the Court's Seal

at the top of the first page ***



### CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2015, I caused a true and correct copy of the

foregoing to be filed electronically and therefore served by e-filing upon counsel of

record, including the following:

>Marcus R. Mumford
>Mumford PC
>405 South Main Street, Suite 975
>Salt Lake City, Utah  84111
>*mrm@mumfordpc.com*
>
>Nate D. Ashcraft
>Hansen Black Anderson
>2940 West Maple Loop Drive, Suite 103
>Lehi, Utah 84043
>*nashcraft@hbaalaw.com*
>
>       Carrie Watters

